IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BBC CHARTERING & LOGISTIC GMBH & CO. KG and BRIESE SCHIFFAHRTS GMBH & CO. KG, Plaintiffs, | § § § § § | |
| v. | § § | CIVIL ACTION NO. H-12-0439 |
| GULF STREAM MARINE, INC., Defendant. | § § § | |

## MEMORANDUM AND ORDER

This maritime case is before the Court on the Motion for Summary Judgment - "Act of God" ("Act of God Motion") [Doc. # 27] and the Motion for Summary Judgment - Carriage of Goods by Sea Act ("COGSA Motion") filed by Defendant Gulf Stream Marine, Inc. ("Gulf Stream"). Plaintiffs BBC Chartering & Logistic GmbH & Co. KG and Briese Schiffahrts GmbH & Co. KG (collectively, "BBC") filed a consolidated Response and Cross-Motion for Summary Judgment ("Plaintiff's Motion") [Doc. # 32]. BBC seeks summary judgment that there exists an indemnitee-indemnitor relationship between BBC and Gulf Stream, and that it provided Gulf Stream with adequate notice and opportunity to defend in connection with an arbitration in Chile. Gulf Stream filed a Reply and Response [Doc. # 36]. BBC filed a Reply [Doc. # 38], and Gulf Stream filed a Sur-Reply [Doc. # 41]. Having reviewed

the full record and applied governing legal authorities, the Court **denies** all pending Motions.

## I.    BACKGROUND

In August 2008, BBC entered into a Booking Note to provide ocean carriage on BBC's vessel (the M/V BBC WESER) of a Terex T 775 Sand Crane ("Crane") from Houston to Chile. The shipper, MariTrans Shipping Ltd. ("Maritrans"), hired Anderson Trucking to deliver the Crane to Gulf Stream's Manchester Terminal for loading onto BBC's vessel. The Crane was delivered on September 5, 2008. BBC's vessel was scheduled to arrive at the Terminal on September 10, 2008, for loading of the Crane.

Hurricane Ike caused flooding and tidal surge at the Terminal on September 12, 2008, and made landfall near the Houston Ship Channel during the early morning hours of September 13, 2008. Because of the impending hurricane, BBC's vessel did not arrive at the Port of Houston when scheduled. The extreme flooding caused by Hurricane Ike damaged the Crane.

In May 2010, the consignee and insurer of the Crane instituted an arbitration proceeding in Chile against BBC and Maritrans. BBC settled the claim in Chile for $150,000.00 by Settlement Agreement dated August 3, 2011.

BBC then filed this lawsuit seeking indemnity from Gulf Stream for the amount paid to settle the Chilean proceeding. In the Complaint, BBC does not assert a claim for damage to the Crane, only a claim for indemnity. The parties have filed motions for summary judgment, which have been fully briefed and are ripe for decision.

## II.    SUMMARY JUDGMENT STANDARD

Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits filed in support of the motion, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). The moving party bears the burden of demonstrating that there is no evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Nat'l Union Fire Ins. Co. v. Puget Plastics Corp.*, 532 F.3d 398, 401 (5th Cir. 2008). If the moving party meets this initial burden, the burden shifts to the nonmovant to set forth specific facts showing the existence of a genuine issue for trial. *See Hines v. Henson*, 293 F. App'x. 261, 262 (5th Cir. 2008) (citing *Pegram v. Honeywell, Inc.*, 361 F.3d 272, 278 (5th Cir. 2004)). The Court construes all facts and considers all evidence in the light most favorable to the nonmoving party. *Nat'l Union*, 532 F.3d at 401.

**III.   ANALYSIS**

Gulf Stream seeks summary judgment on its affirmative defense that the damage to the Crane was the result of an "Act of God." Gulf Stream seeks summary judgment also that the COGSA statute of limitations and per package limitation apply in this case. BBC seeks summary judgment that there exists an indemnitee-indemnitor relationship between it and Gulf Stream, and that it gave adequate notice and an opportunity to defend in the Chilean arbitration.

    **A.   "Act of God" Affirmative Defense**

Generally, there is no liability for injury or loss caused by an act of God that is unusual or unprecedented. *See McWilliams v. Masterson*, 112 S.W.3d 314, 320 (Tex. App. – Amarillo 2003, pet. denied). To avoid liability, the defendant must show "that (1) the loss was due directly and exclusively to an act of nature and without human intervention, and (2) no amount of foresight or care which could have been reasonably required of the defendant could have prevented the injury." *Id.*; *see also HRD Corp. v. Lux Int'l Corp.*, 2007 WL 2050366, *11 (S.D. Tex. July 17, 2007) (quoting *Union Pac. R. Co. v. Heartland Barge Mgmt., L.L.C.,* 2006 WL 2850064, at *13 (S.D. Tex. 2006)). It is undisputed that Hurricane Ike was unusual and unprecedented.

There exists, however, a genuine issue of material fact regarding whether any amount of foresight or care could have prevented the damage to the Crane. On this

issue, Gulf Stream submitted the Affidavit of Mitchell Glenn Heiserman, its Director of Operations, who stated under oath that "[t]here was nothing Gulf Stream Marine could do to prevent the flood and surge damage and ensuing water damage to the crane." *See* Heiserman Aff., Exh. A to Act of God Motion, p. 2. Heiserman stated also that "Gulf Stream Marine followed the U.S. Coast Guard directives in preparing its part of Manchester Terminal for the oncoming Hurricane Ike." *Id.*

BBC submitted the Affidavit of Ivo Damman, its Vice President of Technical Department, who stated under oath that he was advised that Gulf Stream would move the Crane "away from the dock apron and away from both the Shipping Channel and Sims Bayou." *See* Damman Aff., Exh. D to BBC's Response, p. 2. Damman stated also that had Gulf Stream advised BBC that the Crane would not be protected or that flooding was expected at the Terminal, BBC "would have been able to notify the freight forwarder [Maritrans] that the Cargo was at risk and that the freight forwarder could take any necessary precautions to protect the Cargo, including moving it inland, if they felt it was advisable." *Id.*

The evidence in the record raises a genuine issue of material fact regarding whether additional care on Gulf Stream's part could have prevented the damage to the Crane. Specifically, there is a fact dispute regarding whether Gulf Stream could have (and should have) notified BBC that it was not able to move the Crane to a safer

location, thereby enabling BBC to take steps to have the Crane moved or to notify Maritrans that the Crane was at risk. This fact dispute precludes summary judgment on this issue.

### B. Application of COGSA

Gulf Stream argues that this is a cargo damage case governed by COGSA, particularly COGSA's statute of limitations and $500.00 per package limitation. BBC maintains, and this Court relies on BBC's position on this issue, that it is not asserting a claim for cargo damage but is asserting *only* an indemnity claim. As a result, COGSA does not apply.

### C. Indemnity Claim

Under both Texas law and general maritime law, most tort indemnity theories are no longer viable. *See Hardy v. Gulf Oil Corp.*, 949 F.2d 826, 833 (5th Cir. 1992); *see also United States v. Reliable Transfer Co.*, 421 U.S. 397, 405 (1975). Instead, comparative fault has replaced the traditional concept of tort indemnity. *Hardy*, 949 F.2d at 833. The Fifth Circuit has "eliminated virtually every variety of tort indemnity once available under maritime law." *Id.* "Only a handful of viable indemnity theories remain." *Id.* One remaining indemnity theory is "that a vicariously liable or non-negligent tortfeasor is entitled to indemnity 'from a co-debtor guilty of actual fault.'"[1]

---

[1] The other two remaining indemnity theories are the *Ryan* doctrine, that applies only (continued...)

*Id.* (quoting *Marathon Pipe Line Co. v. Drilling Rig ROWAN/ODESSA*, 761 F.2d 229, 236 (5th Cir. 1985)).

BBC argues that it may pursue the "*Marathon Pipe Line*" indemnity claim because its liability in the Chilean arbitration was imposed absent any showing of negligence and based on vicarious liability for the acts of Gulf Stream. It is unclear from this record whether BBC's liability in the Chilean arbitration was, in fact, imposed absent any negligence on the part of BBC. Additionally, it appears from this record that liability in the Chilean proceeding could have been avoided by proving that BBC and its agents "took all measure that could reasonably be required to avoid the occurrence and its consequences." *See* Article 5(1) of the United Nations Convention on the Carriage of Goods by Sea ("Hamburg Rule"). It is difficult to determine on what basis the Chilean arbitrator would or would not have imposed liability on BBC because the matter was settled prior to a decision. There exists a genuine issue of material fact regarding whether BBC's potential liability in the Chilean proceeding was only vicarious and without any possible finding of negligence on BBC's part. For purposes of the pending motions, the Court will assume without

---

[1]   (...continued)
     to personal injury claims, and contractual indemnity. *Hardy*, 949 F.2d at 834. It is undisputed that there is no personal injury involved in this case, and that there is no contract for indemnity.

finding that BBC is entitled to pursue an indemnity claim based on the *Hardy* and *Marathon Pipe Line* decisions.

### D. Notice and Opportunity to Defend in Chilean Proceeding

It is undisputed that BBC settled the Chilean claim for $150,000.00. Even if BBC has an otherwise viable claim for indemnity, an indemnitee's "unilateral acts, albeit reasonable and undertaken in good faith, cannot bind the indemnitor; notice and an opportunity to defend are the indispensable due process satisfying elements." *Parfait v. Jahncke Serv., Inc.*, 484 F.2d 296, 304 (5th Cir. 1973).

BBC asserts that it provided adequate notice to Gulf Stream, including an opportunity to defend itself and BBC in the Chilean arbitration. The evidence in the record, however, raises a genuine fact dispute on this issue. BBC sent Gulf Stream a letter dated February 16, 2011, referencing a claim for damage to a crane on October 9, 2009. *See* Exhibit 1 to BBC's Response, p. 1. Having received a letter regarding cargo damage that occurred in October 2009, Gulf Stream's counsel sent a letter dated March 18, 2011, requesting additional information and documentation "so we may identify the cargo at issue" and documents "from the Chilean arbitration." *See id.* at 2. BBC's counsel responded with a letter dated April 6, 2011, stating that all documentation was enclosed. *See id.* at 3. Gulf Stream sent a letter dated May 9, 2011, advising that the documentation sent by BBC's counsel "relates to an incident or incidents at Care Terminal and seemingly has no relevance to [Gulf Stream]." *See*

Exhibit 3 to Gulf Stream's Reply, p. 1.  BBC's counsel responded by letter dated June 13, 2011, with information regarding the Chilean arbitration, but without further clarification regarding the date and location of the alleged cargo damage.  *See* Exhibit 1 to BBC's Response, p. 4.  The settlement of the Chilean arbitration was approved August 3, 2011.

To the extent the inaccurate date and location information from BBC was not clarified well before the Chilean claim was settled, there is clearly inadequate notice to Gulf Stream under *Parfait*.  BBC has failed to demonstrate that, as a matter of law, it gave Gulf Stream adequate notice and an opportunity to defend.  As a result, summary judgment in favor of BBC on this issue is not appropriate.

## IV.    CONCLUSION AND ORDER

BBC maintains that it is not asserting a claim for cargo damage but is, instead, asserting only a claim for indemnity.  As a result, COGSA's statute of limitations and per package limitation do not apply.  The Court cannot conclude on this record that there exists a viable indemnity claim, and genuine issues of material fact preclude summary judgment on the "Act of God" affirmative defense and the adequacy of BBC's notice to Gulf Stream in connection with the settlement of the Chilean lawsuit.  Accordingly, it is hereby

**ORDERED** that Defendant's Motions for Summary Judgment [Docs. # 27 and # 28] are **DENIED**.  It is further

**ORDERED** that BBC's Cross-Motion for Summary Judgment [Doc. # 32] is **DENIED**.

This case remains scheduled for docket call on **May 20, 2013**.

SIGNED at Houston, Texas, this **8<u>th</u>** day of **April, 2013**.

Nancy F. Atlas
United States District Judge